# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| BARBARA A. ROBBINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 13 C 06276 |
| | ) | |
| DEPAUL UNIVERSITY, | ) | Judge John J. Tharp, Jr. |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

The plaintiff, Barbara Robbins ("Robbins"), brings this suit against the defendant, DePaul University ("DePaul"), alleging violations of Title VI of the Civil Rights Act of 1964 ("Title VI") and the Family Educational Rights and Privacy Act of 1974 ("FERPA"). Robbins asserts that during her time as a student at the university, various individuals associated with DePaul discriminated against her based on her race and retaliated against her for complaining of discrimination, in violation of Title VI. She also alleges that DePaul violated FERPA by failing to promptly grant her request for access to her student records. DePaul has moved to dismiss Robbins' complaint pursuant to Rule 12(b)(6), arguing that her Title VI claim is time-barred and that there is no private right of action under FERPA. For the reasons set forth below, DePaul's motion to dismiss is granted.

## BACKGROUND

Robbins, a former undergraduate student at DePaul, withdrew from the university in June 2011 without completing the final three courses of her program.[1] From 2008 until her

---

[1] In reviewing a motion to dismiss, the Court may consider: (1) the plaintiff's complaint and any documents attached to it, (2) documents attached to the motion to dismiss that are

withdrawal from the university, Robbins allegedly experienced repeated acts of racial discrimination by DePaul employees, officials, and students. These acts included harassing and derogatory emails and comments, accusations of plagiarism, refusals to provide substantive feedback on Robbins' academic work and to fix errors on her transcript, and the imposition of special degree requirements not placed on other students. Robbins reported her experiences to DePaul officials on numerous occasions from March 2009 to June 2011 and interpreted a variety of subsequent actions by individuals associated with the university as retaliation for her reports of discrimination.

Robbins eventually filed a complaint against DePaul with the U.S. Department of Education's Office of Civil Rights ("OCR") in April 2011. She withdrew from DePaul two months later because of continued discrimination. The following year, in March 2012, Robbins met with a psychiatrist to discuss her ongoing distress about her experiences at DePaul; the psychiatrist described her concern as "an adjustment disorder due to an experience of racism." Exhibit 3 to Response, Dkt. 18, at 8. In June 2012, Robbins submitted a written request to DePaul for access to her student records and email account, since she believed information in those files was necessary to file a civil case against DePaul. After OCR issued final determinations on her OCR complaint in June 2013 and DePaul granted her access to her records in July 2013, Robbins filed the instant case on September 3, 2013.

---

critical to the complaint and referred to in it, (3) additional facts set forth in the plaintiff's response to the motion or in any documents attached to the response, as long as those additional facts are consistent with the allegations in the complaint, and (4) information that is subject to proper judicial notice (such as public records). *Geinosky v. City of Chi.*, 675 F.3d 743, 745 n.1 (7th Cir. 2012); *Rosenblum v. Travelbyus.com Ltd.*, 299 F.3d 657, 661 (7th Cir. 2002). When considering these materials, the Court accepts the plaintiff's factual allegations as true and construes all reasonable inferences in favor of the plaintiff. *Gessert v. United States*, 703 F.3d 1028, 1033 (7th Cir. 2013). The factual background is therefore summarized with this standard in mind and drawn primarily from the complaint (Dkt. 1).

**ANALYSIS**

"To survive a motion to dismiss under Rule 12(b)(6), a complaint must 'state a claim to relief that is plausible on its face.'" *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although *pro se* complaints are to be liberally construed and held to a less stringent standard than pleadings drafted by lawyers, *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1027 (7th Cir. 2013), the factual allegations in the complaint must be enough to raise a right to relief above a speculative level, *Twombly*, 550 U.S. at 555. A plaintiff can also plead herself out of court if her allegations clearly establish all the elements of an affirmative defense, including the defense that the action was filed after the statute of limitations period expired. *Chi. Bldg. Design, P.C. v. Mongolian House, Inc.*, 770 F.3d 610, 613-14 (7th Cir. 2014); *see also Logan v. Wilkins*, 644 F.3d 577, 582 (7th Cir. 2011) ("[W]hen the allegations of the complaint reveal that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim."). In addition, dismissal under Rule 12(b)(6) is appropriate if the relevant statute does not provide a private right of action. *See, e.g.*, *Slovinec v. DePaul Univ.*, 222 F. Supp. 2d 1058, 1060-61 (N.D. Ill. 2002) (dismissing a plaintiff's Higher Education Act and FERPA claims since those statutes did not provide private rights of action), *aff'd*, 332 F.3d 1068 (7th Cir. 2003).

A. **Title VI**

Robbins alleges that DePaul is liable for violating Title VI because various individuals associated with the university racially discriminated against her while she was enrolled as a student. Title VI provides that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subject to discrimination under any program or activity receiving Federal financial assistance."

42 U.S.C. § 2000d. Federal funding recipients such as DePaul may not "intimidate, threaten, coerce, or discriminate" against a person who has made a complaint under Title VI. 34 C.F.R. 100.7(e). Aggrieved individuals may bring a civil suit for intentional discrimination under Title VI because the statute contains an implied private right of action. *Alexander v. Sandoval*, 532 U.S. 275, 279-80 (2001) (citing *Cannon v. Univ. of Chi.*, 441 U.S. 677 (1979)).

DePaul contends that Robbins' Title VI claim is time-barred because Robbins filed her complaint more than two years after withdrawing from DePaul due to the discrimination and retaliation she experienced. Read liberally, Robbins' response presents three arguments on this issue: (1) that the statute of limitations period only began to run when she discovered that she had an adjustment disorder in March 2012, (2) that the statute of limitations period was tolled while she was awaiting OCR's final determinations, and (3) that equitable tolling or equitable estoppel should apply because of DePaul's delay in granting her access to her student records. None of these arguments can save Robbins' claim, however.

Federal claims arising under pre-1990 statutes such as Title VI are governed by the forum state's personal injury statute of limitations,[2] *see Campbell v. Forest Pres. Dist. of Cook Cnty.*, 752 F.3d 665, 667 (7th Cir. 2014), and are subject to applicable federal and state law tolling doctrines, *see Johnson v. Ry. Exp. Agency, Inc.*, 421 U.S. 454, 464-65 (1975); *see also Ray v. Maher*, 662 F.3d 770, 773 (7th Cir. 2011). When such claims are brought in federal court, the claim is deemed to accrue when the plaintiff learns of her injury. *United States v. Norwood*, 602 F.3d 830, 837 (7th Cir. 2010) (citing *United States v. Kubrick*, 444 U.S. 111 (1979)). The relevant inquiry is the time at which the plaintiff discovers the injury, not when the plaintiff realizes she has a legal claim, *Cunliffe v. Wright*, No. 12-CV-06334, 2014 WL 2808969, at *5

---

[2] Illinois has a two-year statute of limitations for personal injury actions. 735 Ill. Comp. Stat. 5/13-202.

(N.D. Ill. June 20, 2014) (citing *Thelen v. Marc's Big Boy Corp.*, 64 F.3d 264, 267 (7th Cir. 1995)), nor when the "consequences" of the unlawful act "become painful," *Chardon v. Fernandez*, 454 U.S. 6, 8 (1981) (citing *Del. State Coll. v. Ricks*, 449 U.S. 250, 258 (1980)).

The statute of limitations may be tolled if the plaintiff is required to exhaust administrative remedies before suing in federal court, but will not be tolled if the plaintiff chooses to exhaust such remedies when not required to do so. *See Johnson*, 421 U.S. at 461, 465-66. In addition, under Illinois law, equitable tolling may be appropriate "if the defendant has actively misled the plaintiff, or if the plaintiff has been prevented from asserting his or her rights in some extraordinary way." *Clay v. Kuhl*, 189 Ill. 2d 603, 614, 727 N.E.2d 217, 223 (2000). Illinois courts also may estop a defendant from asserting a statute of limitations defense if the defendant's misrepresentations or concealment of material facts prevented the plaintiff from suing in time. *See Parks v. Kownacki*, 193 Ill. 2d 164, 180, 737 N.E.2d 287, 296 (2000).

In this case, Robbins' argument that her cause of action accrued in March 2012 is unavailing. The latest discriminatory and retaliatory acts described in the complaint occurred in June 2011, and the allegations make clear that Robbins was aware of those acts and in fact continued reporting her experiences to DePaul officials through June 2011. That she was later diagnosed with an adjustment disorder does not alter the analysis of when she became aware of the allegedly unlawful acts at issue. *Cf. Shahid v. Nw. Univ.*, No. 94 C 7721, 1997 WL 690680, at *5 (N.D. Ill. Oct. 21, 1997) (finding that the plaintiff's Title VI claim accrued at the time he was denied financial aid and was therefore time-barred). Furthermore, the statute of limitations was not tolled while Robbins was awaiting final determinations from OCR, since a plaintiff is not required to exhaust administrative remedies in order to bring a Title VI claim. *See Dertz v. City of Chi.*, No. 94 C 542, 1997 WL 85169, at *10 (N.D. Ill. Feb. 24, 1997) (citing *Cannon*, 441

U.S. at 707–08 & n. 41). Finally, the doctrines of equitable tolling and equitable estoppel are inapplicable. Robbins has not alleged that DePaul misled her or concealed material facts from her, or that she was otherwise prevented from asserting her rights in any "extraordinary way." Although DePaul allegedly failed to grant her prompt access to her student records, Robbins already knew of the allegedly unlawful acts at the time she requested the records—and in fact had previously filed an OCR complaint based on some of those same acts. Further, while Robbins allegedly believed that she needed evidence from her student records to file a civil complaint, she does not allege that DePaul did anything to contribute to that erroneous belief.

Accordingly, the statute of limitations for Robbins' Title VI claim expired in June 2013, two years after the latest discriminatory and retaliatory acts allegedly occurred. Since Robbins did not file her complaint until September 2013, her Title VI claim must be dismissed with prejudice as untimely.

**B.    FERPA**

Robbins alleges that DePaul violated FERPA by not responding to her written request for access to her student records and email account in a timely manner. Under FERPA, an educational institution receiving federal financial assistance must "establish appropriate procedures for the granting of a request . . . for access to . . . education records . . . within forty-five days." 20 U.S.C. § 1232g(a)(1)(A). DePaul argues that Robbins' FERPA claim should be dismissed because FERPA does not confer a private right of action. Robbins does not directly respond to this argument, but contends that OCR notified her that she could pursue relief for DePaul's FERPA violation in federal court. *See* Response, Dkt. 18, at 3.

In *Gonzaga University v. Doe*, 536 U.S. 273 (2002), the Supreme Court ruled that Section 1232g(b) of FERPA did not support a private right of action. The Seventh Circuit has

since described the *Gonzaga* ruling as pertaining to FERPA as a whole, *see, e.g.*, *Chi. Tribune Co. v. Bd. of Trs. of Univ. of Ill.*, 680 F.3d 1001, 1005 (7th Cir. 2012), and other courts have applied *Gonzaga*'s reasoning to find that § 1232g(a)(1) does not create a private right of action, *see, e.g.*, *Taylor v. Vt. Dep't of Educ.*, 313 F.3d 768, 786 (2d Cir. 2002). Accordingly, FERPA does not support a private right of action for Robbins' section 1232g(a)(1)(A) claim, and that claim is dismissed with prejudice for failure to state a claim upon which relief can be granted.[3]

\* \* \*

For the reasons set forth above, DePaul's motion to dismiss is granted, and Robbins' complaint is dismissed with prejudice.

Date: December 29, 2014

John J. Tharp, Jr.
United States District Judge

---

[3] That OCR allegedly gave Robbins the impression she could sue DePaul under FERPA does not alter this analysis.